UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN BENJAMIN FLEMING,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br><br>    Defendant. | Case No. 16-CV-00162-LHK<br><br>**ORDER VACATING ORDER TO SHOW CAUSE AND EXTENDING TIME FOR SERVICE**<br><br>Re: Dkt. No. 8 |

Before the Court is Plaintiff Jonathan Benjamin Fleming's ("Plaintiff") response to the Court's May 18, 2016 order to show cause as to why the instant case should not be dismissed for failure to prosecute. ECF No. 8. In the May 18, 2016 order to show cause, the Court noted that Plaintiff had failed to file proof of timely service on Defendant Carolyn Colvin ("Defendant"). ECF No. 7. Having considered Plaintiff's response, the relevant law, and the record in this case, the Court hereby VACATES the order to show cause and the hearing on the order to show cause set for June 16, 2016, at 1:30 p.m. The Court declines to dismiss the case for failure to prosecute, and extends the time for Plaintiff to effect service.

**I.     BACKGROUND**

On January 11, 2016, Plaintiff filed the instant appeal from the Social Security

1  Commissioner's decision denying Plaintiff disability benefits.  ECF No. 1.  That same day, the
2  Court issued a case scheduling order.  ECF No. 4.  Pursuant to Federal Rule of Civil Procedure
3  4(m), Plaintiff had 90 days from January 11, 2016, or until April 11, 2016, to serve Defendant.
4  *See* Fed. R. Civ. P. 4(m).  On May 18, 2016, after Plaintiff failed to file a proof of service, the
5  Court issued an order to show cause as to why the case should not be dismissed for failure to
6  prosecute.  ECF No. 7.

7  Plaintiff responded to the Court's order to show cause on May 19, 2016.  ECF No. 8.  In a
8  sworn declaration, Plaintiff's counsel informed the Court that on May 12, 2016, Plaintiff served
9  the complaint, summons, and case scheduling order by certified mail on the Social Security
10 Administration, the Attorney General of the United States, and the civil-process clerk at the U.S.
11 Attorney's Office.  *Id.* ¶¶ 2–3.  Plaintiff's counsel acknowledges that service was untimely, but
12 avers that counsel was unaware of a December 1, 2015 change to the Federal Rules of Civil
13 Procedure that reduced the time for service from 120 days to 90 days.  According to Plaintiff's
14 counsel, "[c]ounsel inadvertently, but in good faith . . . calendared the 120 days pursuant to what
15 she believed to be FRCP Rule 4m."  *Id.* ¶ 5.

## II.  LEGAL STANDARD

17 Prior to December 1, 2015, Federal Rule of Civil Procedure 4(m) provided a plaintiff with
18 a "[t]ime [l]imit for [s]ervice" of 120 days after the filing of the complaint.  Since December 1,
19 2015, Rule 4(m) has provided a 90 day time limit: "If a defendant is not served within 90 days
20 after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must
21 dismiss the action without prejudice against that defendant or order that service be made within a
22 specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time
23 for service for an appropriate period."  Fed. R. Civ. P. 4(m).

24 The Court must extend the time for service beyond 90 days if Plaintiff shows good cause.
25 *Id.*  In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect."  *In re Sheehan*,
26 253 F.3d 507, 512 (9th Cir. 2001).  "[G]ood cause generally means that service has been
27 attempted but not completed, that plaintiff was confused about the requirements of service, or that

United States District Court
Northern District of California

plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (internal quotation marks omitted). However, an attorney's ignorance of the rules, oversight, inadvertence, or mistake does not rise to the level of excusable neglect. *See Townsel v. Cty. of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987) (ignorance of the time of service under Rule 4(j)—the predecessor to Rule 4(m)—was not excusable neglect); *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (no good cause to extend time to serve opposing party where counsel inadvertently failed to calendar the 120 day deadline); *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930–31 (9th Cir. 1994) (attorney's mistake of law in interpreting the time to file a post-trial motion did not constitute excusable neglect under Federal Rule of Civil Procedure 6(b)).

Absent good cause, courts have discretion "to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d at 513. The Ninth Circuit has not set forth specific factors to consider in making discretionary determinations under Rule 4(m). *Id.* However, the Ninth Circuit has noted that "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotation marks omitted). An extension of time for service may be retroactive. *Wright v. City of Santa Cruz*, 2014 WL 3058470, at *7 (N.D. Cal. July 3, 2014).

### III.  DISCUSSION

Plaintiff's counsel acknowledges that service of Defendant was untimely but contends that good cause exists to extend the time for service. Plaintiff's counsel asserts that counsel was unaware of the December 1, 2015 reduction in the time for service from 120 days to 90 days, and that "[c]ounsel inadvertently, but in good faith . . . calendared the 120 days pursuant to what she believed to be FRCP Rule 4m." ECF No. 8.

Plaintiff's counsel's inadvertence and ignorance of the December 1, 2015 change in Rule 4(m) does not rise to the level of excusable neglect. *See Townsel*, 820 F.2d at 320 (finding that ignorance of the time of service was not excusable neglect); *Wei*, 763 F.2d at 372 (concluding that

3

Case No. 16-CV-00162-LHK
ORDER VACATING ORDER TO SHOW CAUSE AND EXTENDING TIME FOR SERVICE

no good cause existed where counsel inadvertently failed to calendar the 120 day deadline). Accordingly, good cause does not exist to extend the time for service. *See Townsel*, 820 F.2d at 320; *Wei*, 763 F.2d at 372. In addition, the Court notes that 120 days from January 11, 2016, the date on which Plaintiff filed the complaint, would be May 10, 2016. Plaintiff did not effect service until two days later, on May 12, 2016. ECF No. 8. Thus, service of Defendant would not have been timely under the pre-December 1, 2015 version of Rule 4(m).

Although Plaintiff has not established good cause, the Court exercises its broad discretion to grant an extension of the time for service. As noted above, in exercising this discretion "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041. Here, Plaintiff effected service on Defendant on May 12, 2016. *See* ECF No. 8. Although service on Defendant was untimely, Plaintiff's service by certified mail appears to be otherwise proper. *See* Fed. R. Civ. P. 4(i) (providing that a party may serve the United States by sending a copy of the summons and complaint by certified mail to designated individuals). In addition, on May 17, 2016, Defendant filed a form indicating that Defendant consents to the jurisdiction of a magistrate judge. ECF No. 6. It is thus apparent that Defendant has actual notice of the lawsuit.

In addition, no prejudice to Defendant is evident from the delay in service. The length of delay was only thirty-two days, and there is no evidence of bad faith on the part of Plaintiff. *See Rodriguez v. Lehigh Sw. Cement Co.*, 2015 WL 1325528, at *8 (N.D. Cal. Mar. 24, 2015) (extending time for service when three months had passed after the time for service under Rule 4(m)). Moreover, according to Plaintiff, Plaintiff's initial application for social security benefits was filed on April 23, 2012 and has been appealed through multiple levels of the administrative process. ECF Nos. 1, 8. The instant case will be determined based on the administrative record. Accordingly, the issues raised by the instant case are familiar to Defendant.

Lastly, it appears that prejudice to Plaintiff is likely if the time for service is not extended. Federal law requires that any appeal of a final decision of the Social Security Commissioner be commenced in federal district court within 60 days of the final decision. 42 U.S.C. § 405(g).

According to Plaintiff, the final decision of the Social Security Commissioner in this case was rendered on November 5, 2015. *See* ECF No. 8, ¶ 8. Thus, were the Court to dismiss the instant case for untimely service, any attempt to re-file would be time-barred. This type of prejudice to Plaintiff supports extending the time for service. *See United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004) (noting that the running of the statute of limitations supports extending time for service); Fed. R. Civ. P. 4 Advisory Committee Notes ("Relief [under Rule 4(m)] may be justified, for example, if the applicable statute of limitations would bar the refiled action . . .").

In sum, Plaintiff's eventual service, Defendant's actual notice of the lawsuit, the lack of prejudice to Defendant, and the potential for prejudice to Plaintiff favor extending the time for service. In light of the foregoing, the Court exercises its discretion to retroactively extend the deadline for service to May 12, 2016. Thus, the Court vacates the order to show cause.

By June 16, 2016, Plaintiff shall file a consent or declination to proceed before a magistrate judge. In addition, the parties are directed to follow the Court's January 11, 2016 scheduling order. ECF No. 4. Pursuant to the January 11, 2016 order, Defendant shall serve and file an answer together with a certified copy of the transcript of the administrative record within ninety days of receipt of service of the summons and complaint. Plaintiff shall serve and file a motion for summary judgment or for remand within thirty days of service of Defendant's answer. Defendant shall serve and file any opposition or counter-motion within thirty days of service of Plaintiff's motion. Plaintiff may serve and file a reply within fourteen days of service of Defendant's opposition or counter-motion.

**IT IS SO ORDERED.**

Dated: June 13, 2016

_____
LUCY H. KOH
United States District Judge